1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  MARCOS D. SASSO (State Bar No. 228905)
   CRISTINA A. GUIDO (State Bar No. 292089)
3  2029 Century Park East
   Los Angeles, CA 90067-3086
4  Telephone:  310.556.5800
   Facsimile:   310.556.5959
5  Email:       *lacalendar@stroock.com*

6  Attorneys for Defendant
     CITIBANK, N.A.

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MAURICE PIERCE,                    ) Case No. 2:17-cv-2498
                                       )
12            Plaintiff,               )
                                       )
13       vs.                           )
                                       ) **NOTICE OF REMOVAL OF**
14  CITIBANK, N.A., and DOES 1-10,     ) **DEFENDANT CITIBANK, N.A.**
    inclusive,                         )
15                                     ) (*Pursuant to 28 U.S.C. § 1331* - Federal
              Defendant.               ) Question)
16                                     )
                                       )
17  _____)

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.

LA 52061517

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1331, 1441(a), and 1446, defendant Citibank, N.A. ("Citibank") hereby removes the action entitled <u>Maurice Pierce v. Citibank, N.A.</u>, Superior Court of the State of California for the County of Los Angeles, Case No. 17K02566 (the "Action"), to the United States District Court for the Central District of California on the following grounds:

1.   <u>Removal Is Timely</u>.  The Complaint was received and served on Citibank on March 1, 2017.  Citibank has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it has filed it within 30 days of receipt and service of the Complaint, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings in the Action and received by Citibank are attached as Exhibit A.  On March 30, 2017, Citibank filed its Answer and Affirmative Defenses in the Action. A copy of the Answer is attached hereto as Exhibit B.

2.   <u>This Court Has Removal Jurisdiction Over This Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that Citibank may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441 (b) in that Plaintiff alleges violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (see Compl.,¶¶ 21-26), a claim that is created by, and arises under, federal law.  <u>See</u> <u>Mims v. Arrow Fin. Servs., LLC</u>, 132 S. Ct. 740, 748 (2012) (holding that the TCPA's permissive grant of jurisdiction to state courts does not deprive the United States district courts of federal-question jurisdiction over private TCPA suits, and that a TCPA claim, "in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States'").

3.   <u>Proper Jurisdiction</u>.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of Los Angeles

LA 52061517

1   is located within the United States District Court for the Central District of

2   California.

3           4.    <u>Notice Has Been Effected</u>. Citibank concurrently is filing a copy of this

4   Notice of Removal of Action with the Superior Court of the State of California for

5   the County of Los Angeles. Citibank will concurrently serve Plaintiff with copies of

6   this Notice of Removal and the Notice filed in the Action.

7

8   Dated: March 31, 2017           STROOCK & STROOCK & LAVAN LLP

9                                   JULIA B. STRICKLAND

                                MARCOS D. SASSO

10                                  CRISTINA A. GUIDO

11                          By:         /s/ *Cristina A. Guido*

12                                    Cristina A. Guido

13                        Attorneys for Defendant

                            CITIBANK, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52061517                   NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.

# EXHIBIT A

(Page 1 of 13) This print header can be changed under the printheader.html property of the PAWORX HTML manual for further information)

Case 2:17-cv-02498-JAK-E Document 1 Filed 03/31/17 Page 5 of 29 Page ID #:5

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK, N.A., and DOES 1 – 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MAURICE PIERCE,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | **CASE NUMBER:**<br>*(Número del Caso):* |

111 N Hill St,
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Citibank, N.A.**

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

| | |
|---|---|
| MAURICE PIERCE, | Case No. |
| Plaintiff, | COMPLAINT<br>(Amount not to exceed $10,000) |
| vs. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| CITIBANK, N.A., and DOES 1 – 10 inclusive, | 2. Violation of Telephone Consumer Protection Act |
| Defendant. | **JURY DEMANDED** |

### I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.   Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

### II. PARTIES

2.     Plaintiff, MAURICE PIERCE ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

3. At all relevant times herein, Defendant, CITIBANK, N.A. ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

4. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Over the last year, Defendant called Plaintiff's cell phone ending in -8568 numerous times. Defendant routinely made multiple calls to Plaintiff. Defendant's calls were excessive and harassing to Plaintiff.

8. Defendant's calls were made to Plaintiff in connection with collection on an alleged debt.

9. Plaintiff revoked any consent that Defendant may have had to call Plaintiff in connection with collection of the alleged debt in one of Defendant's initial calls.

10. Despite this, Defendant continued to call Plaintiff, thereby causing her to feel harassed, anxious, and annoyed.

11. As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about July 8, 2016. Defendant has failed to respond to that letter at this time.

12. Defendant also used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

d)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. § 1692c(a)(1)) ; and

e)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d).

17.  Defendant's conduct violated the TCPA by:

a)  using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

18.  As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiff reincorporates by reference all of the preceding paragraphs.

20.  To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.  Actual damages;
B.  Statutory damages for willful and negligent violations;
C.  Costs and reasonable attorney's fees;
D.  For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE
## CONSUMER PROTECTION ACT

21.  Plaintiff incorporates by reference all of the preceding paragraphs.

Complaint - 4

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

23.     As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*.

25.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26.     Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B);

B.  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C); and

C.  Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 27th day of February, 2017.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367 | **FOR COURT USE ONLY** |

TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228

ATTORNEY FOR *(Name):* Plaintiff, MAURICE PIERCE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles

STREET ADDRESS: 111 N Hill St

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
MAURICE PIERCE v. CITIBANK, N.A.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses

b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court

c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

**4.** Number of causes of action *(specify):* 2

**5.** This case ☐ is   ☑ is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 27, 2017

Todd M. Friedman

_____          ►          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

(Page 9 of 1) (The print version does not contain the print Header (HDR) but see the view ONLY HTML manual for further information)

Case 2:17-cv-02498-JAK-E Document 1 Filed 03/31/17 Page 13 of 29 Page ID #:13

| SHORT TITLE: Maurice Pierce v. CITIBANK, N.A. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

(Page 10 of ... this firm, however, has changed during the printing of the HTML version of the LACNUME HTML manual for further information)

Case 2:17-cv-02498-JAK-E Document 1 Filed 03/31/17 Page 14 of 29 Page ID #:14

| SHORT TITLE: Maurice Pierce v. CITIBANK, N.A. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

(Page 11 of This print layout can be changed during the printing. HTM 1/2/1 see the /jedicPR-HTM manual for further information)

Case 2:17-cv-02498-JAK-E Document 1 Filed 03/31/17 Page 15 of 29 Page ID #:15

| SHORT TITLE: Maurice Pierce v. CITIBANK, N.A. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Maurice Pierce v. CITIBANK, N.A. | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: 1775 Mirimar St |
| --- | --- |
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: Pomona | STATE: CA | ZIP CODE: 91767 | |
| --- | --- | --- | --- |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 27 February 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

(Page 13 of ... This print program has changed during the printHeader HTTP/3.31/1 the viewOMP HTML2 enough for further information)

Case 2:17-cv-02498-JAK-E Document 1 Filed 03/31/17 Page 17 of 29 Page ID #:17

| The attached legal documents were personally served at Citibank, N.A., Served by: | | Process Server Name |
|---|---|---|
| | | Number of Documents Received |
| Action Process Serving-Richard | 360-2881 | Date & Time Served |
| Action Professional Service | 335-3090 | |
| Aero Professional Document Services | | |
| Allegiance Investigators- William "Pat" McManus | 605 338-3078 | |
| Constables Office | | |
| DEA | | |
| Denes Barabas Investigations | 605-881-8742 | |
| Express Attorney Service- Shaley or Skyler | 335-8693 | |
| FBI | | |
| Front Range | 695-5718 | |
| Hatfield Process Servers- Kansas City MO | | |
| Bruce Hansum | 201-1325 | |
| Hot Civil Process Serving-Owner Ron Hot | 712-299-4402 | |
| Hansen Civil Process-Ashley Hansen | | |
| HSPS Legal Services-Erica Daniels | 319-354-2010 | |
| IRS | | |
| JW Services | | |
| Minnehaha County Sheriff's Office | 367-4331 | |
| Preferred Process Service | 261-0020 | |
| Process Agent Service Co. | 335-8840 | |
| Quality Attorney Services | | |
| Rapid Recovery | | |
| Sioux Falls Police Dept. | | |
| South Dakota Professional Services | Eric Hurlburt 605-368-1037 | |
| States Attorney Office | | |
| Mark here if you signed a waiver to attend a hearing | | |
| US Customs | | |
| US Govt Contractor Arthur G. Temple AGTEMP41@gmail.com PO Box 87972 SFSD 57109 | 605-553-5270 | |
| US Marshal's Office | | |
| US Secret Service | | |
| US Office of Personnel Management Federal Investigative Services Shonda Meyer or Jason Kittles | Shonda Cell-605-310-1519 Fax 605-362-0135 Jason-605-431-8888 | |
| Cathy Reinecke | | |
| Tina Bolich | | |
| Tonya Owach | | |
| Bev Fenton | | |
| Kevin Geiger | | |
| Karla Hein | | |
| Jo Heldenbrand | | |
| Lee Krege | | |
| Tanya Javers | | |
| Pam Meyer | | |
| Tami Odegaard | | |
| Jon Rens | | |
| David Richter | | |
| Sherry Simunek | | |
| Sharon K. Stroud | | |
| Matt Thompson | | |
| Kelly Umstott | | |
| Teresa Willson | | |
| Angie Eggleston | | |
| Laura Kolker | | |
| Britney Leinen | | |

RECEIVED

MAR 0 1 2017

CITI LEGAL SERVICES INTAKE UNIT

# EXHIBIT B

1    STROOCK & STROOCK & LAVAN LLP
     JULIA B. STRICKLAND (State Bar No. 083013)
2    MARCOS D. SASSO (State Bar No. 228905)
     CRISTINA A. GUIDO (State Bar No. 292089)
3    2029 Century Park East
     Los Angeles, CA 90067-3086
4    Telephone:   310.556.5800
     Facsimile:   310.556.5959
5    Email:    *lacalendar@stroock.com*

6

     Attorneys for Defendant
7      CITIBANK, N.A.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                          LIMITED JURISDICTION

11                                                        BY FAX

12   MAURICE PIERCE                      )   Case No.  17K02566
                                         )
13            Plaintiff,                 )   **ANSWER AND AFFIRMATIVE**
                                         )   **DEFENSES OF DEFENDANT CITIBANK,**
14       vs.                             )   **N.A.**
                                         )
15   CITIBANK, N.A., and DOES 1-10, inclusive,  )
                                         )
16            Defendants.                )
                                         )
17                                       )
                                         )
18   _____)

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────
                       ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.
                                                              Case No. 17K0256

LA 52061899

1   Defendant Citibank, N.A., ("Citibank"), through its undersigned counsel, hereby answers

2   the complaint filed by plaintiff Maurice Pierce ("Plaintiff") on February 28, 2017 (the

3   "Complaint"), as follows:

## GENERAL DENIAL

5   Pursuant to California Code of Civil Procedure Section 431.30(d), Citibank denies,

6   generally and specifically, in the conjunctive and disjunctive, each and every cause of action and

7   allegation contained within the Complaint, and the Complaint as a whole, and further denies that

8   the relief requested by Plaintiff is appropriate and/or that damages were sustained, or that

9   Citibank's conduct was objectionable or unreasonable, or that Citibank was negligent in any way.

10  Citibank further denies that by reason of any act, fault, carelessness or omission on its part,

11  Plaintiff has been injured, damaged or harmed in any way or in any amount whatsoever, or at all,

12  by reason of any acts or omissions of Citibank.

13  Without admitting any allegations contained in the Complaint, Citibank asserts the

14  following separate affirmative defenses to the Complaint.  By alleging the affirmative defenses set

15  forth below, Citibank does not agree or concede that it bears the burden of proof or the burden of

16  persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

### Failure To State A Claim

(To All Causes Of Action)

20  1.   The Complaint, and each claim and cause of action alleged therein, fails to state

21  facts sufficient to constitute a cause of action against Citibank.

## SECOND AFFIRMATIVE DEFENSE

### Agreement To Arbitrate

(To All Causes Of Action)

25  2.   The Complaint, and each purported claim alleged therein, is barred, in whole or in

26  part, because the credit card agreement governing the Plaintiff's Citibank credit card account(s)

27  contains a valid and binding arbitration agreement that authorizes either party to elect arbitration of

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 1 -
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.
Case No. 17K02566

LA 52061899

any claims pertaining the account.  Citibank expressly reserves, and does not waive, its right to arbitrate under the parties' agreement.

### THIRD AFFIRMATIVE DEFENSE

#### Statute Of Limitations

(To All Causes Of Action)

3.    The Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including, without limitation, Cal. Civ. Code. §1788.30(f) and 28 U.S.C. § 1658.

### FOURTH AFFIRMATIVE DEFENSE

#### Consent

(Second Cause Of Action)

4.    Citibank alleges, based upon information and belief, that Plaintiff is barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the Telephone Consumer Protection Act ("TCPA") for all calls allegedly placed to his cellular telephone number by any alleged automatic telephone dialing system.

### FIFTH AFFIRMATIVE DEFENSE

#### Estoppel

(To All Causes Of Action)

5.    The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the causes of action and any relief sought thereby.

### SIXTH AFFIRMATIVE DEFENSE

#### Laches

(To All Causes Of Action)

6.    Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Citibank, and such claims therefore are barred pursuant to the doctrine of laches.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52061899

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## SEVENTH AFFIRMATIVE DEFENSE

### Waiver

#### (To All Causes Of Action)

7.   The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, action and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### Unclean Hands

#### (To All Causes Of Action)

8.   The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### Failure To Mitigate

#### (To All Causes Of Action)

9.   Although Citibank denies that Plaintiff has suffered any loss, to the extent that loss has been suffered, Plaintiff has failed to mitigate that loss.

## TENTH AFFIRMATIVE DEFENSE

### Ratification

#### (To All Causes Of Action)

10.   The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions, and inactions of Plaintiff under the doctrine of ratification.

## ELEVENTH AFFIRMATIVE DEFENSE

### Independent/Intervening Conduct

#### (To All Causes Of Action)

11.   To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Citibank denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening,

- 3 -

LA 52061899

1  negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not

2  any act or omission on the part of Citibank.

### TWELFTH AFFIRMATIVE DEFENSE

**Discharge Of Duty**

(To All Causes Of Action)

6  12.  Citibank alleges that it has appropriately, completely and fully performed and

7  discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the

8  Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

**Speculative Damages**

(To All Causes Of Action)

12  13.  The Complaint, and each claim and cause of action alleged therein, is barred, in

13  whole or in part, on the grounds that Plaintiff seeks damages that are too speculative to permit

14  recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

**Privileged Conduct/Communications**

(To All Causes Of Action)

18  14.  The Complaint, and each claim and cause of action alleged therein, is barred, in

19  whole or in part, on the grounds that Citibank's conduct and/or communications were subject to a

20  privilege and/or a qualified privilege.

### FIFTEENTH AFFIRMATIVE DEFENSE

**Adequate Legal Remedy**

(To All Causes of Action)

24  15.  Each claim and cause of action of the Complaint that alleges a request for injunctive

25  and equitable relief is barred because Plaintiff has an adequate legal remedy.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52061899

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## SIXTEENTH AFFIRMATIVE DEFENSE

### Standing

#### (To All Causes Of Action)

16.     The Complaint, and each cause of action therein, is barred, in whole or in part, because the alleged conduct of Citibank, as described in the Complaint, did not result in Plaintiff being deprived of any money or property, and otherwise did not result in Plaintiff suffering any actual damages or concrete injury in fact as a result of any act or practice of Citibank.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Preemption

#### (To All Causes of Action)

17.     The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that any state law claims are preempted by federal law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Good Faith/Reasonable Commercial Standards

#### (To All Causes Of Action)

18.     With respect to the matters alleged in the Complaint, Citibank at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Citibank.

## NINETEENTH AFFIRMATIVE DEFENSE

### Contributory Negligence

#### (To All Causes Of Action)

19.     Citibank alleges that, if Plaintiff sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and such conduct on his part constitutes a bar to any recovery or, in the alternative, recovery, if any, should be reduced in proportion to the extent such conduct was a cause of his loss, if any.

LA 52061899

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## TWENTIETH AFFIRMATIVE DEFENSE

### Unintentional Violation/Bona Fide Error

(To All Causes Of Action)

20.     The claims of Plaintiff are barred, in whole or in part, because any alleged wrongful conduct on the part of Citibank, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Not Knowing Or Willful

(Second Cause Of Action)

21.     Plaintiff is precluded from any recovery from Citibank for a willful or knowing violation of the TCPA because any such violation, which Citibank denies occurred, would not have been willful or knowing.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Setoff

(To All Causes Of Action)

22.     The claims alleged by Plaintiff are subject to a setoff and/or recoupment for amounts owed by Plaintiff on the his Citibank credit card account.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Commercially Reasonable And Lawful Conduct

(To All Causes Of Action)

23.     At all relevant times, Citibank acted in a commercially reasonable and lawful manner.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### Choice Of Law

(To All Causes Of Action)

24.     The Complaint is barred to the extent federal law and the laws of the State of South Dakota apply (to the extent not preempted by federal law), based on the choice of law provision

LA 52061899

contained in the card agreement governing the accounts of Plaintiff, thereby barring California claims as a matter of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Due Process

#### (To All Causes Of Action)

25.  The imposition of liability and/or statutory damages under the TCPA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process Clause.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Reservation Of Right To Assert Other Defenses

#### (To All Causes Of Action)

26.  Citibank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Citibank prays for judgment as follows:

27.  That Plaintiff take nothing by the Complaint;

28.  That the Complaint be dismissed with prejudice;

29.  That Citibank recover its attorneys' fees and costs herein; and

30.  For such other and further relief as the Court deems just and proper.

Dated: March 30, 2017

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
MARCOS D. SASSO
CRISTINA A. GUIDO

By: _____
                Cristina A. Guido

Attorneys for Defendant
CITIBANK BANK, N.A.

- 7 -

LA 52061899

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            )  ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On March 30, 2017, I served the foregoing document(s) described as: **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A.** on the interested parties in this action as follows:

☐  **(VIA PERSONAL SERVICE** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☑  **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐  **(VIA E-MAIL)**  Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐  **(VIA ELECTRONIC CASE FILING)**  I filed electronically the documents listed above, using the 's electronic case filing service, on . Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☐  **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☐  **(VIA OVERNIGHT DELIVERY)**  By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 30, 2017, at Los Angeles, California.

Patricia Bloom
[Type or Print Name]                          [Signature]

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52070850v1

SERVICE LIST
*Maurice Pierce vs. Citibank, N.A.*

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Tel: 877) 206-4741/Fax: (866) 633-0228
Email: tfriedman@toddflaw.com
Email: abacon@toddflaw.com

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52070850v1

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2017 a copy of the foregoing **NOTICE OF REMOVAL OF DEFENDANT CITIBANK, N.A.** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

/s/ *Cristina A. Guido*
Cristina A. Guido

*Via Mail*

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367

Certificate of Service

LA 52061517